UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. MICHAEL BALBIN SANTOS,<br><br>Defendant. | Case No.: 3:18-cv-02391-BTM-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING TRO**<br><br>**[ECF No. 12]** |

Raul Arellano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on October 18, 2018. (*See* Compl., ECF No. 1 at 1.) Currently pending before the Court is a Motion in which Plaintiff seeks, among other things, reconsideration of the Court's December 31, 2018 Order Denying his Motion for a Temporary Restraining Order ("TRO"). (*See* ECF No. 12.)

## I. Procedural Background

In his Complaint, Plaintiff contends Dr. Santos, a physician employed at RJD, violated his First and Eighth Amendment rights by reducing and/or terminating a prescription for Gabapentin. (*See* Compl., ECF No. 1 at 3; ECF No. 3 at 2-5.)

///

On November 28, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), sua sponte dismissed Defendants Paramo, CDCR, and CCHCS as parties pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found Plaintiff's allegations against Dr. Santos sufficient to state plausible First and Eighth Amendment claims for relief, directed the U.S. Marshal to effect service upon Dr. Santos pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), provided notice to the California Department of Justice, Office of the Attorney General ("OAG") of Plaintiff's TRO, and ordered the OAG to file a brief written response. (*See* ECF No. 6).

On December 12, 2018, the OAG, specially appearing at the Court's request on behalf of Dr. Santos since he has yet to be served, filed a Response in Opposition to Plaintiff's TRO. (ECF No. 8.) On December 28, 2018, Plaintiff filed a Reply to the OAG's Response. (ECF No. 9.) On December 31, 2018, the Court Denied Plaintiff's TRO (ECF No. 10).

On January 16, 2018, Plaintiff submitted a Motion seeking reconsideration of the Court's December 31, 2018 Order, asking the Court to review "facts omitted and not considered," including several dozen pages of medical records he now submits as "Exhibit A," *see* ECF No. 12 at 15-66, and requesting permission to amend his Complaint to include these documents, as well as the "statements stated in his Motion for Reconsideration." (*See* ECF No. 12 at 1, 5-14.)[1]

///

---

[1] To the extent Plaintiff seeks leave to amend simply so that the Court will consider the claims in his Motion together with the all the exhibits he attached, he need not do so. Plaintiff's submissions have already been filed with the Clerk, and are part of the Court's record in this case. *See* S.D. Cal. CivLR 5.4.e ("The official Court record will be the electronic file maintained on the Court's servers. This includes information transmitted to the Court in electronic format, *as well as documents filed in paper form, scanned, and made part of the electronic record*....") (emphasis added).

Plaintiff's Motion for Reconsideration does not include proof of service on Dr. Santos, and the docket does not yet show Plaintiff has effected service of the summons and his original Complaint upon Dr. Santos, as was ordered on November 28, 2018. (*See* ECF No. 6 at 12.)[2]

## II. Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) does permit motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such

---

[2] Plaintiff must serve Dr. Santos with the summons issued on November 28, 2018, as well as his original Complaint (ECF No. 1), within 90 days of the Court's November 28, 2018 Order, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant)" under Fed. R. Civ. P. 4, "a court ordinarily may not exercise power over a party the complaint names as a defendant."); *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (noting Rule 4(m) dismissal may be appropriate if a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)). Therefore, should Plaintiff fail to successfully effect service upon Dr. Santos via the U.S. Marshal on or before February 28, 2019, he will be ordered to show cause why his case should not be dismissed pursuant to Fed. R. Civ. P. 4(m). *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (citation omitted).

prior application." *Id.* Local Rule 7.1(i)(2), permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

B. <u>Discussion</u>

In his Motion for Reconsideration, Plaintiff first argues that his verified Complaint, together with the Declaration he filed in support of his TRO, *see* ECF No. 1 at 3, ECF No. 3 at 2-8, "should be enough to reasonably undermine Defendant's contention and … should [have] be[en] sufficient to … grant[] [his] TRO." *See* ECF No. 12 at 1. Second, Plaintiff asks the Court to "re-d[o]" its TRO Order in light of the Reply he filed on December 28, 2018. *See* ECF No. 12 at 3. Finally, Plaintiff requests that the Court re-assess its decision because it "ignored facts stated by [him] of which there was substantial evidence." *Id.* at 5. In sum, Plaintiff "disagrees" that he "failed to show how he is facing irreparable injury," *id.* at 6, and now offers additional arguments and portions of his medical records which he claims show Dr. Santos's "deliberate indifference." *Id.* at 8-14, & Ex. A at 15-66.

In order to justify reconsideration, however, Local Civil Rule 7.1(i) requires Plaintiff to show that "new or different facts and circumstances … exist which did not

exist, or were not shown," at the time the Court denied his TRO. *Id.* He has failed to point to any, and instead, raises the same claims in his Motion as he did in his TRO.

For example, Plaintiff argues in his TRO that he required an increased dose of Gabapentin because "the other pain medication" he had been prescribed, was "ineffective or its side effects were severe." *See* ECF No. 3 at 3. In his Motion for Reconsideration, he makes the same claims. *See* ECF No. 12 at 7, 13 (claiming that Lyrica, Salsalate, Naproxyn, and Depakote were all "ineffective" and constituted an "inappropriate course of treatment."). Plaintiff's TRO also alleged Dr. Santos acted with deliberate indifference to a serious risk to his health and/or safety by decreasing his Gabapentin dosage because it "controlled" his neuropathic pain, and in his opinion, his seizures. *See* ECF No. 3 at 3, 5, 6. He now proffers the same arguments in his Motion for Reconsideration, *see* ECF No. 12 at 13-14, but he has introduced no newly discovered evidence to support that medical conclusion. *See, e.g., Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference" under the Eighth Amendment); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (finding plaintiff's allegations that prison officials failed to recommend surgery as one doctor had advised evidenced only a mere "difference of medical opinion" which did not constitute medical indifference).

Finally, "[a]lthough Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citation and internal quotation marks omitted).

///

Motions for reconsideration, like the one Plaintiff has filed in this case, may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.; see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). They also do not give parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992), *aff'd* 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted)).

### III. Conclusion and Order

For all these reasons, Plaintiff's Motion for Reconsideration (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 4, 2019

_____
Hon. Barry Ted Moskowitz
United States District Judge