UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. MICHAEL BALBIN SANTOS,<br><br>Defendant. | Case No.: 3:18-cv-02391-BTM-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO SEND NOTICE TO U.S. MARSHALS AS MOOT**<br><br>[ECF No. 15] |

Raul Arellano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on October 18, 2018. (*See* Compl., ECF No. 1 at 1.) The Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), issued a summons upon Defendant Santos, and directed the U.S. Marshal to effect service of process pursuant to Fed. R. Civ. P. 4(c)(3) on November 28, 2018. (*See* ECF Nos. 6, 7.)

On March 19, 2019, Plaintiff filed an ex parte Motion requesting that the Court "send notice to the U.S. Marshals" regarding service of the summons and Complaint upon Defendant Santos, or in the alternative, that the Court to issue him a "new [IFP] packet." (*See* ECF No. 15.) Plaintiff alleges to have sent his completed service documents

to the U.S. Marshal via the institutional mail on December 5, 2018. (*Id.* at 1, 4.) But at the time he submitted his Motion, Plaintiff had received no indication from the U.S. Marshal as to whether service upon Defendant Santos had been executed. (*Id.* at 1.)

On March 28, 2019, however, the U.S. Marshal Service filed proof of service upon Defendant Santos via a completed Form USM 285, attached to which is a waiver of personal service, filed by Deputy Attorney General Lyndsay Crenshaw pursuant to Fed. R. Civ. P. 4(d), and dated March 20, 2019, on behalf of her client, Defendant M. Santos. (*See* ECF No. 16 at 1-2.) When a waiver is filed "proof of service is not required and these rules apply as if a summons and complaint had been served at the time of the filing of the waiver." Fed. R. Civ. P. 4(d)(4). "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3).

**Conclusion and Order**

Thus, because Defendant Santos has now been served, Plaintiff's Motion requesting that the Court send notice to the U.S. Marshals (ECF No. 15) is **DENIED** without prejudice as moot.

**IT IS SO ORDERED**.

Dated: April 22, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

2

3:18-cv-02391-BTM-WVG