UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>                     Plaintiff,<br><br>vs.<br><br>Dr. MICHAEL BALBIN SANTOS,<br><br>                     Defendant. | Case No.: 3:18-cv-02391-BTM-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER AND FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 42, 47]** |

      Plaintiff Raul Arellano, incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on October 18, 2018. *See* Compl., ECF No. 1 at 1. Currently pending before the Court are two matters: 1) Plaintiff's Motion for Reconsideration of this Court's August 10, 2020 Order Denying Plaintiff's Second Motion for Preliminary Injunction or Temporary Restraining Order ("TRO") (ECF No. 42); and 2) Plaintiff's third Motion for a TRO (ECF No. 47).

      Because Plaintiff fails to present any newly discovered evidence, demonstrate any clear error, or point to an intervening change in the controlling law since the Court denied his second Motion for Preliminary Injunction or TRO, his Motion for Reconsideration is DENIED. And because Plaintiff's third Motion for TRO requests injunctive relief

involving non-parties and raises claims unrelated to the First and Eighth Amendment claims at issue in this case against Defendant Santos, it too must be DENIED.

**I.     Procedural Background**

This case involves Plaintiff's claims against one Defendant, Dr. Michael Balbin Santos, a physician employed at RJD. Plaintiff claims Dr. Santos violated his First and Eighth Amendment rights when he tapered and/or terminated Plaintiff's prescription for Gabapentin between the months of May and September 2018. *See* Compl., ECF No. 1 at 3; ECF No. 3 at 2-5. Plaintiff's claims have survived Dr. Santos's efforts to dismiss them pursuant to Fed. R. Civ. P. 12(b)(6), *see* ECF No. 26, Santos has filed an Answer, *see* ECF No. 27, and a Rule 16 Scheduling Order has issued. *See* ECF No. 28.

The Court denied Plaintiff's first Motion for a TRO on December 31, 2018. *See* ECF No. 10. Plaintiff sought reconsideration, but that motion was denied. *See* ECF Nos. 12, 13. On May 22, 2020, Plaintiff filed a second Motion for a TRO, but on August 10, 2020, the Court denied that motion as well. *See* ECF Nos. 31, 40.

Plaintiff now seeks reconsideration of the Court's August 10, 2020 Order Denying his second Motion for a Preliminary Injunction and TRO arguing that he has "stated in a million ways sufficient facts … [to] prov[e] … Defendant[']s deliberate indifference." *See* ECF No. 42 at 1. Plaintiff then recounts those facts, points the Court back to his previously filed motions, declarations, and exhibits, and concludes they all "reveal[] that [he] is currently in pain," and "doctors are not doing what they can do." *Id.* at 3–10. Plaintiff concludes with the same request for immediate injunctive relief as he has before—specifically, he asks that the Court "order for [him] to be put in adequate and effective medication known through [his] medical history to be effective without life-threatening side effects (2700 mg of Gabapentin +250 mg [of] Depakote)." *Id.* at 11.

In addition, Plaintiff has filed a third Motion for a TRO. *See* ECF No. 47. Unlike his previous motions seeking immediate injunctive relief requiring Dr. Santos to provide him with a specific course of medication, this new Motion requests that the California Department of Corrections and Rehabilitation ("CDCR") and "prison staff" at RJD,

including Officers Murphy and Wright, Counselor Meza, and Sergeant Segovia, grant Plaintiff access to "all [his] legal property" so he can meet discovery and motion cut-off deadlines in the 15 cases he is litigating in this Court on his own behalf, and on behalf of others. *See* ECF No. 47 at 2.

## II.     Motion for Reconsideration

### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) does permit motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

///
///

B. <u>Discussion</u>

In Plaintiff's current Motion for Reconsideration, which is timely filed pursuant to S.D. Cal. CivLR 7.1(i)(2), he continues to argue that he has "establish[ed]" that Dr. Santos acted with deliberate indifference to his serious medical needs and claims he has "stated [so] in a million ways," by "set[ting] out specific facts in an affidavit to clearly show that immediate and irreparable injury could result" in the absence of a preliminary injunction. *See* ECF No. 42 at 1–2. In support, Plaintiff reiterates that that he has "told doctors as well as Santos" that all [other] medications," including Dilantin, Keppra, Depakote (Divalproex) are ineffective to [treat his] tonic and partial seizures," and that they cause "life threatening side effects." *Id.* at 2–7. Plaintiff repeatedly insists his chronic neuropathic pain "can only be minimized by certain kind[]s of medications (Lyrica, Gabapentin, Cymbalta)," but claims Cymbalta gives him stomach pain, and Lyrica "fogs" his mind; therefore, he "believe[s] Gabapentin outweighs Lyrica," and concludes his "doctors are not doing what they can do" to treat both his pain and his seizures. *Id.* at 8–10. To address his needs, Plaintiff again asks the Court to order Dr. Santos to prescribe him the medication "known through [his] medical history to be effective without life threatening side effects (2700 mg of Gabapentin + 250 mg Dapakote)." *Id.* at 11. In short, Plaintiff continues to disagree with the Court's conclusions as to the likelihood of success on the merits of his Eighth Amendment claims against Dr. Santos. *Id.* at 1–11.

In order to justify reconsideration, however, Local Civil Rule 7.1(i) requires Plaintiff to show that "new or different facts and circumstances … exist which did not exist, or were not shown," at the time the Court denied his last Motion for a TRO. S.D. Cal. CivLR 7.1(i). He has failed to point to any, and instead, raises the same claims, and makes the same arguments based on the same evidence in his current Motion for Reconsideration as he did in his original Motion for a TRO (ECF No. 3), his first Motion to Reconsider (ECF No. 12), and in his second Motion for Preliminary Injunction or TRO (ECF No. 31).

For example, Plaintiff argued in his original and second Motions for TRO that he requires a specific dosage of Gabapentin because "the other pain medications" he had been

prescribed, have proven "ineffective" or have resulted in side-effects which were "severe." *See* ECF No. 3 at 3; ECF No. 31 at 2; ECF No. 37 at 95. In his latest Motion for Reconsideration, he makes the same assertions. *See* ECF No. 42 at 3–5, 6 (describing Dilantin, Keppra, Depakote (Divalproex) as all "ineffective"). Plaintiff's previous Motions for TRO also alleged Dr. Santos acted with deliberate indifference to a serious risk to his health and/or safety by decreasing his Gabapentin dosage because it "controlled" his neuropathic pain, and in his opinion, his seizures. *See* ECF No. 3 at 3, 5, 6; ECF No. 31 at 4; ECF No. 37 at 11. Plaintiff proffered the same arguments in his second Motion for Reconsideration, *see* ECF No. 42 at 6–11, and has introduced no newly discovered evidence to support that medical conclusion; nor has he shown Dr. Santos's treatment decisions were "medically unacceptable under the circumstances" or were taken "in conscious disregard of an excessive risk to [his] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citations omitted) (finding no deliberate indifference as a matter of law with respect to prisoner's claims that one anti-psychotic drug (Seroquel) was superior to another (Triafon)); *see also Bell v. Mahoney*, No. 2:18-CV-05280-PA-KES, 2019 WL 6792793, at *10 (C.D. Cal. Aug. 29, 2019) (noting that the "substitution of Elavil for Neurontin constituted a judgment call in the course of treatment, rather than an unacceptable medical decision showing reckless disregard."); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[W]here a defendant … base[s] his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff … fail[s] to show deliberate indifference" under the Eighth Amendment); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (finding plaintiff's allegations that prison officials failed to recommend surgery as one doctor had advised evidenced only a mere "difference of medical opinion" which did not constitute medical indifference).

Finally, "[a]lthough Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

1  229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion
2  for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual
3  circumstances, unless the district court is presented with newly discovered evidence,
4  committed clear error, or if there is an intervening change in the controlling law." *Id.*
5  (citation and internal quotation marks omitted). Motions for reconsideration, like Plaintiff's
6  current Motion, do not provide him with a second, and now third "bite at the apple," *Weeks*
7  *v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court
8  to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112,
9  1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL
10 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of*
11 *Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to
12 obtain a complete reversal of the court's judgment by offering essentially the same
13 arguments presented on the original motion, the proper vehicle for relief is an appeal.");
14 *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992), *aff'd* 37
15 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a
16 disagreement with the Court's decision, and recapitulation of the cases and arguments
17 considered by the court before rendering its original decision fails to carry the moving
18 party's burden.") (citation omitted)).

19  In this case, Plaintiff is well aware of the applicable legal standards required to
20 justify extraordinary preliminary injunctive relief, *see e.g.,* ECF No. 10 at 6–7; ECF No.
21 40 at 4–6; yet he has persisted in filing motions for reconsideration that simply re-state his
22 allegations, re-argue their merit, and re-seek exactly the same requests for immediate
23 injunctive relief that have been clearly and consistently rejected by the Court. "[M]otions
24 to reconsider are not a platform to relitigate arguments and facts previously considered and
25 rejected." *Torbert v. Gore*, No. 3:14-CV-02911-BEN-NLS, 2016 WL 7370062, at *2 (S.D.
26 Cal. Dec. 19, 2016). In fact, repetitious and meritless motions for reconsideration
27 needlessly delay the proceedings and waste the Court's limited resources.
28 / / /

1   Accordingly, Plaintiff's current Motion for Reconsideration (ECF No. 42) is
2  DENIED and he is hereby cautioned that any further motions requesting reconsideration
3  will be summarily denied absent at least a minimal showing that he can meet Local Civil
4  Rule 7.1(b), Fed. R. Civ. P. 59, and/or Fed. R. Civ. P. 60(b)'s requirements. *See McCoy v.*
5  *Stronach, et al.,* No. 1:12-CV-000983-AWI-SAB PC, 2020 WL 6075651, at *3 (E.D. Cal.
6  Oct. 15, 2020).

### III.  Motion for TRO for CDCR to Return Legal Property

In a separately filed new Motion requesting a TRO, Plaintiff claims Dr. Luu, who Dr. Santos has identified as Plaintiff's current primary care physician, *see* ECF No. 36–2 at 4 ¶ 11, has been placed him in the Correctional Treatment Center ("CTC") at RJD so that he "can be closer to medical." *See* ECF No. 47 at 1. Plaintiff claims that "[a]ccording to [his] doctor[,] [he] can have all [his] property[,] but prison staff refuse to give it to him." *Id.* at 1–2. Plaintiff identifies the "officers in charge" as Officers Murphy and Wright, Counselor Meza, and Sergeant Segovia. *Id.* at 2 n.2. None of these prison officials are parties to this case.

Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985); *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Here, Plaintiff claims he has 15 cases pending in this Court and others brought on behalf of himself and other "people [he is] helping," *see* ECF No. 47 at 2, and requests a

TRO granting him access to his legal property in order to meet deadlines, several of which he "can't recall." *Id.* But none of the officials he seeks to enjoin are defendants in this civil action; and he has not shown any of them are in active concert or participation with Dr. Santos, who is no longer serving as Plaintiff's primary care physician, *see* ECF No. 36–2 at 2 ¶ 2, not alleged to be responsible for separating him from his property or placing him in the CTC, *see* ECF No. 47 at 1, and the sole named Defendant in these proceedings. *See* ECF No. 1 ("Compl.") at 1, 2; ECF No. 6 at 12 ¶ 4 (Order sua sponte dismissing Defendants California Correctional Health Care Services (CCHCS), Warden Daniel Paramo, and the California Department of Corrections and Rehabilitation (CDCR) as parties based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)).

Moreover, Plaintiff has not shown he is subject to any "irreparable harm in the absence of preliminary relief" with respect to the First Amendment retaliation and Eighth Amendment inadequate medical care claims arising during the months of May through September 2018 against Dr. Santos which *are* at issue in this case. *See* Compl. at 3–4; *see also* Pl.'s Decl., ECF No. 3 at 2–5; *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). There must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself," such that "the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see, e.g., Reid v. Engel*, No. 16-2220, 2017 WL 590247, at *6 (E.D. Cal. Feb. 13, 2017) (denying injunction where civil rights plaintiff sought "injunctive relief pertaining to property confiscated following plaintiff's arrest, wholly unrelated to his claims against the California State Bar and his criminal defense attorney raised in the complaint" and sought "injunctive relief against individuals who are not named as defendants.").

For these reasons, Plaintiff's latest Motion for TRO (ECF No. 47) must also be DENIED.

## IV. Conclusion and Order

Based on the foregoing, the Court **DENIES** both Plaintiff's Motion for Reconsideration of Denial of Preliminary Injunction [ECF No. 42] and his Motion for a Temporary Restraining Order for CDCR to Return Legal Property [ECF No. 47].

**IT IS SO ORDERED**.

Dated: October 26, 2020

Hon. Barry Ted Moskowitz
United States District Judge

9

3:18-cv-02391-BTM-WVG