UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br>CDCR #AH-1995,<br><br>          Plaintiff,<br><br>vs.<br><br>Dr. MICHAEL BALBIN SANTOS,<br><br>          Defendant. | Case No.: 3:18-cv-02391-BTM-WVG<br><br>**ORDER RE NOTICE OF REFERRAL**<br><br>**[ECF No. 58]** |

  Currently before the Court is a Referral Notice (ECF No. 58) from the United States Court of Appeals for the Ninth Circuit in reference to a notice of appeal Plaintiff filed in this case on December 4, 2020. (*See* Pl.'s Not. of App., ECF No. 54.) Plaintiff filed his Notice of Appeal, USCA Case No. 20-56305, eleven days after this Court issued its November 23, 2020 Order denying his third motion for reconsideration (ECF No. 52), but in it he also refers to "ECF 49," which is this Court's October 26, 2020 Order denying his second motion to reconsider and motion for a temporary restraining order ("TRO"). (*See* ECF No. 49.)

  This case involves Plaintiff's section 1983 claims against one Defendant, Dr. Michael Balbin Santos, a physician employed at Richard J. Donovan Correctional Facility ("RJD"). Plaintiff claims Dr. Santos violated his First and Eighth Amendment rights when

he tapered and/or terminated Plaintiff's prescription for Gabapentin between the months of May and September 2018. (*See* Compl., ECF No. 1 at 3; ECF No. 3 at 2–05.) Plaintiff's allegations have survived Dr. Santos's efforts to dismiss them pursuant to Fed. R. Civ. P. 12(b)(6), Santos has filed an Answer, and a Rule 16 Scheduling Order has issued. (*See* ECF Nos. 26–28.)

Plaintiff has repeatedly moved for immediate injunctive relief in this case, and requests that he be prescribed specific brands and dosages of medication to treat his pain and seizures—namely, 2700 mg of Gabapentin and either 250 or 500 mg of Depakote. (*See* ECF No. 42 at 11; ECF No. 31 at 4; ECF No. 3 at 6.) The Court denied Plaintiff's first motion for a TRO on December 31, 2018. (*See* ECF No. 10.) Plaintiff sought reconsideration, but that motion was denied. (*See* ECF Nos. 12, 13.) On May 22, 2020, Plaintiff filed a second motion for a preliminary restraining order or TRO, but on August 10, 2020, the Court denied that motion as well. (*See* ECF Nos. 31, 40.) Approximately two weeks later, on August 27, 2020, Plaintiff filed yet another motion seeking reconsideration of the Court's August 10, 2020 Order, followed on October 5, 2020 by a new motion seeking a TRO. (*See* ECF Nos. 42, 47.) On October 26, 2020, those motions were denied. (*See* ECF No. 49.) On November 13, 2020, Plaintiff once again sought reconsideration, but to no avail. (*See* ECF No. 52.) On December 4, 2020, he filed his Notice of Appeal. (*See* ECF No. 54.)

The Ninth Circuit's December 14, 2020 Referral Notice issued "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (*See* ECF No. 58 at 1, *citing* 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).)

In forma pauperis status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is 'not frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S.

438, 445 (1962)). An action is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint or appeal lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted).

Here, a thorough and comprehensive review of the record shows that to the extent Plaintiff seeks an interlocutory appeal of *either* the Court's latest Order denying his third motion for reconsideration (ECF No. 52), or its October 26, 2020 Order denying his second motion to reconsider and TRO (ECF No. 49), neither is taken in good faith.

An appeal ordinarily "does not lie from the denial of an application for a temporary restraining order" because such appeals are considered "premature" and thus, are disallowed "'[i]n the interests of avoiding uneconomical piecemeal appellate review.'" *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (quoting *Kimball v. Commandant Twelfth Naval District*, 423 F.2d 88, 89 (9th Cir. 1970)).

To the extent Plaintiff seeks to challenge this Court's November 23, 2020 Order, his appeal is frivolous because it lacks an even arguable basis in fact or law. *See Neitzke*, 490 U.S. at 325; *Guti*, 908 F.3d at 496. This Court has repeatedly found Plaintiff has failed to demonstrate that immediate injunctive relief is warranted in this case because he has failed to establish he is likely to succeed on the merits of his Eighth Amendment claims against Dr. Santos, that he is likely to suffer irreparable harm in the absence of preliminary relief, or than an injunction is in the public interest. (*See* ECF Nos. 10, 40, 49; *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). And yet, while Plaintiff's Notice of Appeal is sworn, it fails to further comply with Fed. R. App. P. 24 because he does not "state[] the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

//
//
//

**Conclusion and Order**

For all these reasons, the Court cannot certify to the Ninth Circuit that Plaintiff's appeal is taken in good faith and therefore elects to **REVOKE** in forma pauperis status for the purposes of Plaintiff's current appeal. *See* 28 U.S.C. § 1915(a)(3). The Clerk of Court is **DIRECTED** to promptly notify the United States Court of Appeals for the Ninth Circuit of this Order in reference to USCA Case No. 20-56305. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED**.

Dated: December 21, 2020

_____
Hon. Barry Ted Moskowitz
United States District Judge