1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAUL ARELLANO,
CDCR #AH-1995,

                                    Plaintiff,

vs.

Dr. MICHAEL BALBIN SANTOS,

                                    Defendant.

Case No.:  3:18-cv-2391-BTM-WVG

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR COPIES**

[ECF Nos. 100, 103]

This case involves Plaintiff Raul Arellano's First and Eighth Amendment claims against Dr. Michael Balbin Santos, a Richard J. Donovan Correctional Facility ("RJD") doctor who is alleged to have tapered and/or terminated his prescription for Gabapentin during the months of May through September 2018. *See* Compl., ECF No. 1 at 3; ECF No. 3 at 2–5. On November 4, 2021, the Court granted Defendant Santos's Motion for Summary Judgment in its entirety and entered judgment on his behalf. *See* ECF Nos. 91, 92.   Plaintiff has since filed a Notice of Appeal ("NOA") (ECF No. 101); but currently pending before this Court are his simultaneously-filed Motions for Reconsideration and for copies of both these documents, as well as his Opposition to Defendant's Motion for Summary Judgment, which he claims to need for purposes of pursuing his appeal in the Ninth Circuit. *See* ECF Nos. 100, 103.

1

## I.     Motion for Reconsideration

### A.     <u>Standard of Review</u>

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, therefore "[a] motion so designated will be construed according to the type of relief sought."  Jones, et al., Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)).  However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for reconsideration within "28 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Plaintiff's Motion for Reconsider was received by the Clerk on December 8, 2021, and entered into the Court's electronic case management system (CM/ECF) on December 13, 2021; however, the Court considers it filed as of December 4, 2021—the day Plaintiff attests to have deposited it in the prison mail at RJD.  *See* ECF No. 100 at 26; *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *see also Smith v. Evans*, 853 F.2d 155, 161–62 (3d Cir. 1988) (applying *Houston*'s mailbox

rule to Rule 59(e) motion).  Thus, because Plaintiff's Motion was filed more than 28 days after the entry of the Court's Order Granting Summary Judgment, it will consider his Motion for Reconsideration as one brought pursuant to Rule 60(b).  *See Am. Ironworks & Erectors*, 248 F.3d at 898–99.

Rule 60(b) empowers a district court to set aside a judgment for any of the following reasons:  (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also School Dist. N. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The party moving for relief under Rule 60(b) bears the burden of establishing grounds for relief.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001).  That party must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *Id.* at 1131 (cleaned up).

B.   Discussion

Here, Plaintiff does not specify whether he seeks relief pursuant to Rule 60(b)(1), (2), (3), (4), (5), or (6).  Instead, he simply argues that the Court erred in granting Defendant Santos's Motion for Summary Judgment because disputes of fact exist and therefore a "clear[] error occurred."[1] (*See* ECF No. 100 at 1.)  Specifically, Plaintiff lodges 33 separate

---

[1]  "Clear error" is a basis for seeking reconsideration under Rule 59(e); however, because Plaintiff's Motion was filed more than 28 days after the Court's entry of judgment, Rule 60(b) guides this Court's review.  *See Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1255 (9th Cir. 2011) (noting that a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with

"answers" to the Court's Order in which he objects to its summaries of the evidence in the record and disagrees as to what that evidence shows. (*Id.* at 1–25.) In sum, Plaintiff "believes [he] stated many basis of circumstances Dr. Santos did that constituted deliberate indifference," *id.* at 10, claims to have properly exhausted his retaliation claims, *id.* at 19–21, and refutes the Court's conclusions as to the existence of a genuine dispute as to the merits of both his Eighth Amendment inadequate medical care and First Amendment retaliation claims. *Id.* at 21–25.

Based on these arguments, the Court liberally construes Plaintiff's Motion to seek reconsideration pursuant to Rule 60(b)(1) based on the Court's "mistake[s]." *See e.g., Bailey v. Santa Clara Cty. Superior Ct.*, No. 21-CV-00279-HSG, 2021 WL 2302726, at *2 (N.D. Cal. May 6, 2021) (construing Plaintiff's claims that the Court erred in dismissing his action pursuant to Fed. R. Civ. P. 60(b)(1)). Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect." Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). However, in order to obtain relief under Rule 60(b)(1), Plaintiff "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). It does not provide him with a "new opportunity to present legal argument or evidence that could have been presented in response to the underlying dispositive motion." *Wallace v. Live Nation Worldwide, Inc.*, No. C20-799RSM, 2021 WL 4033771, at *2 (W.D. Wash. Sept. 3, 2021). Nor may a motion for reconsideration be used to ask a court "'to rethink what the court had already thought through-rightly or wrongly.'" *Schertzer v. Bank of America, N.A*, No. 19-CV-264 JM (MSB), 2021 WL 5849822, at *1 (S.D. Cal. Dec. 9, 2021) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Instead, a motion for

---

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); *see also Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations and quotations omitted).

reconsideration is appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence.  *See School Dist. No. 1J,* 5 F.3d at 1263. Plaintiff's Motion fails to meet these requirements.

First, Plaintiff has not shown that the Court committed any substantive error of fact or law with respect to either his Eighth or First Amendment claims. Instead, he simply rehashes the same arguments he made in opposition to the defendant's Motion for Summary Judgment, *see* ECF No. 88, and asks the Court to again review evidence it has already considered at length.  (*See* ECF No. 91 at 4–20 (setting out "Plaintiff's Medical History & Treatment Record.")).  Specifically, Plaintiff redirects the Court to his verified Complaint (ECF No. 1), Declaration in Support of his first Motion for Temporary Restraining Order (ECF No. 3), his Deposition testimony (ECF No. 75-4), dozens of CDCR 602 Health Care grievances and CDC 7362 Health Care Services Request Forms, and portions of his Medication Administrative Record, which both he and Dr. Santos previous submitted as exhibits, and argues again that they demonstrate "genuine material facts in dispute" both as to Dr. Santos's deliberate indifference and as to his retaliatory intent.  (*See* ECF No. 100 at 1–10.)  But all this evidence was reviewed, examined, discussed, and carefully evaluated in the Court's Order, and "motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected."  *Torbert v. Gore*, No. 3:14-CV-02911-BEN-NLS, 2016 WL 7370062, at *2 (S.D. Cal. Dec. 19, 2016).

Second, while Plaintiff does submit one *new* exhibit, which is a copy of the Headquarters' Level Response to his CDCR 602 HC 18002825 grievance, *see* ECF No. 100, Ex. A at 28–31, "[e]vidence is only newly discover[ed] if it was in fact previously unavailable—*i.e.* the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence."  *Vasquez v. City of Idaho Falls*, 2018 WL 1123865, at *3 (D. Idaho 2018) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).  Plaintiff does not claim this exhibit was not previously available to him, nor does he offer any explanation as to why he could not have produced it in opposition to Defendant's Motion for Summary Judgment.  However, even if he had, the Court finds the

5

HQ Level Response to RJD HC 18002825 does not justify relief based on "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1).  This is because even *if* this document suffices to show he properly exhausted RJD HC 18002825 as required by Cal. Code Regs., tit. 15 § 3999.226(g),[2] it does not further demonstrate any "mistake" with respect to the Court's further findings that this grievance failed to "alert[] the prison to the nature of the wrong for which redress [wa]s sought."  *See* ECF No. 91 at 30, 33 (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009)).   Nor does the existence of a Headquarters' Level Decision with respect to RJD HC 18002825 matter even *if* Plaintiff had sufficiently and expressly alleged his retaliation claims against Dr. Santos in that grievance—for the Court's Summary Judgment Order further holds that even if Plaintiff *did* properly exhaust his retaliation claims, Dr. Santos was nevertheless entitled to summary judgment on the merits.  *See* ECF No. 91 at 34–38.

Thus, because Plaintiff plainly and repeatedly asks the Court to "rethink what it has already thought" before, his Motion must be **DENIED**.  *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich*., 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.

---

[2] The Court further notes that the Headquarters' Level Review of RJD HC 18002825 also did not issue until May 2019—approximately seven months *after* Plaintiff filed this suit in October 2018.  "The PLRA requires inmates to exhaust their administrative remedies *before* filing suit: 'No action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'"  *Fordley v. Lizarraga*, 18 F.4th 344, 351 (9th Cir. 2021) (italics added) (quoting 42 U.S.C. § 1997e(a)); *see also Woodford v. Ngo*, 548 U.S. 81, 90–91, (2006).

N.J. 1992), *aff'd* 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted)).

## II.    Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b) (ECF No. 100).  Because he has already filed a Notice of Appeal, and further claims he needs copies of his NOA, the new exhibit he attached to his Motion for Reconsideration, and his Opposition to Defendant's Motion for Summary Judgment to pursue that appeal, the Court **GRANTS** Plaintiff's Motion for Copies (ECF No. 103) and **DIRECTS** the Clerk of Court to mail a copy of ECF Nos. 88, 100, and 101 to Plaintiff at the address listed in the Court's docket.

Because the case has now been submitted on appeal to the Ninth Circuit, and Plaintiff's Rule 60(b) Motion has been denied, this Court is divested of jurisdiction over the matter and **DIRECTS** that no additional motions for reconsideration may be filed in this case.

**IT IS SO ORDERED**.

Dated: December 30, 2021

Hon. Barry Ted Moskowitz
United States District Judge